**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7970

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUINTON LEON SUTTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   Frank W. Bullock, Jr., District Judge.  (CR-98-355; CA-04-933-1)

Submitted:  March 24, 2005          Decided:  March 30, 2005

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Quinton Leon Sutton, Appellant Pro Se.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Quinton Leon Sutton, a federal prisoner, seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief on Sutton's Fed. R. Civ. P. 15(c) and 60(b) motion that the court construed as a 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Sutton has not made the requisite showing. Accordingly, we deny Sutton's motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Sutton's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

200, 208 (4th Cir.), <u>cert. denied</u>, 540 U.S. 995 (2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty.  28 U.S.C. §§ 2244(B)(3)(C), 2255 (2000).  Sutton's claim does not satisfy either of these conditions.  Therefore, we decline to authorize Sutton to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>